IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOAQUIN LUNA-REYES, on behalf )
of himself and all others )
similarly situated, )
                                                 )
           Plaintiff, )
                                                 )
      v.                 )        1:14cv235
                                                 )
RFI CONSTRUCTION, LLC, RUPERT )
BURROWS, and WILLIAM WARRICK, )
                                                 )
           Defendants. )

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

This is an action by Plaintiff Joaquin Luna-Reyes under the Fair Labor Standards Act (FLSA) of 1938, 29 U.S.C. §§ 201 et seq., and the North Carolina Wage and Hour Act (NCWHA), N.C. Gen. Stat. §§ 95-25.1 et seq. Before the court are two motions: Defendants RFI Construction, LLC ("RFI Construction") and Rupert Burrows (collectively the "RFI Defendants") move to dismiss the complaint for lack of subject matter jurisdiction and, alternatively, failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively (Doc. 14); and Luna-Reyes moves for leave to file a surreply pursuant to Local Rule 7.6 (Doc. 24). For the reasons set forth below, the RFI Defendants' Rule 12(b)(1) motion will be denied and their Rule 12(b)(6) motion

will be treated as a motion for more definite statement under Rule 12(e) and will be granted. Luna-Reyes' motion for leave to file a surreply will be denied.

I. BACKGROUND

The facts, viewed in the light most favorable to Luna-Reyes, are as follows:

Defendant RFI Construction is a North Carolina limited liability company. (Doc. 13 ("Compl.") ¶ 7.) Defendant Burrows is its owner and CEO and handles its day-to-day business, including approving employees' pay.[1] (Id. ¶ 34.) RFI Construction and Burrows "hired" Defendant William Warrick[2] "to perform subcontracted work for those two Defendants for projects on which RFI was working." (Id. ¶ 35.) At some time before October 2013, Warrick contacted Luna-Reyes to work for "Defendants" and "controlled Plaintiff's work activities and compensation." (Id.)

For approximately the entire month of October 2013, Luna-Reyes worked as an hourly-paid (non-salaried) carpenter at a construction site in Durham. (Id. ¶¶ 5, 21-22.) He could not hire someone else to perform his job or serve as his

---

[1] The complaint provides no information as to the nature of RFI Construction's business.

[2] RFI Defendants suggest that the correct spelling of Warrick's name may actually be "Warwick." (See Doc. 15 at 1 n.1.)

replacement. (Id. ¶ 25.) His job neither required a high degree of skill nor was the job for any specific project or time. (Id. ¶¶ 26, 29.) Rather, when hired, Luna-Reyes expected to work "for the company" for an indefinite period of time. (Id. ¶ 29.)

The complaint makes repeated references to "Defendants" without specifying which allegedly took what action. According to Luna-Reyes, "Defendants controlled all aspects" of his work, which was conducted under "Defendants'" employees' supervision. (Id. ¶¶ 23, 26, 28.) Warrick, however, "controlled [his] work activities and compensation." (Id. ¶ 35.) "Defendants" also set his hourly pay and maintained his payroll records. (Id. ¶¶ 24, 33.) Finally, "Defendants" provided him with the specialized equipment required for his work. (Id. ¶ 27.)

Luna-Reyes alleges that he was paid the same hourly rate for all hours he worked, even when they exceeded forty per week. (Id. ¶ 30.) He further alleges that he was not paid at all for at least one week. (Id.) He finally alleges that other hourly-paid laborers and installers of "Defendants" faced the same issues with their pay. (Id.)

Luna-Reyes filed his original complaint on March 20, 2014, naming only RFI Construction as Defendant and asserting two causes of action. (Doc. 1.) RFI Construction answered on April 22, 2014. (Doc. 9.) Luna-Reyes then filed an amended

3

complaint on May 16, 2014, adding Burrows and Warrick as Defendants. (Doc. 13.) Warrick has yet to be served.

RFI Defendants now move to dismiss Luna-Reyes' claims for lack of subject-matter jurisdiction and for failure to state a claim. (Docs. 14.) Plaintiff has responded (Doc. 20), and RFI Defendants have replied (Doc. 22). Plaintiff also moves for leave to file a surreply. (Doc. 24.) RFI Defendants have responded to the motion for leave to file a surreply (Doc. 25), and Plaintiff has replied (Doc. 26.). The motions are now ripe for consideration.

**II. ANALYSIS**

    **A.   Motion for Leave to File Surreply**

Luna-Reyes moves for leave to file a surreply (Doc. 24) to RFI Defendants' reply brief (Doc. 22), citing Local Rule 7.6. (See Doc. 24 ¶ 4.) A surreply is not generally allowed under this district's Local Rules. See Local Rule 7.3; DiPaulo v. Potter, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010). However, Local Rule 7.6 provides that "[i]f an evidentiary objection is raised by the moving party in its reply memorandum, the non-moving party may file a surreply memorandum pursuant to this subparagraph within seven (7) days addressing only the evidentiary objection." L.R. 7.6 (effective March 1, 2014). Luna-Reyes contends that he meets this standard because RFI Defendants' reply brief raised "evidentiary objections" to the

4

facts in the declaration he submitted in response to their motion to dismiss on subject-matter jurisdiction grounds.

The court is not persuaded. RFI Defendants' reply brief argued that Luna-Reyes' declaration "does nothing more than recite the general conclusions of the Amended Complaint." (Doc. 22 at 5.) To accept Luna-Reyes' characterization of this as an evidentiary objection would authorize the filing of a surreply whenever the evidence submitted falls short. That is not the purpose of the rule. Moreover, the court cannot say that fairness dictates that the surreply be allowed. Luna-Reyes had a fair opportunity to file whatever factual proof he wished in response to the motion to dismiss.

Luna-Reyes' motion for leave to file a surreply is therefore denied.

**B. Motion to Dismiss**

**1. Subject-Matter Jurisdiction**

RFI Defendants first seek to dismiss Luna-Reyes' claims for want of subject-matter jurisdiction under Rule 12(b)(1) on the ground that they, as Defendants, do not qualify as "employers" under the FLSA. "[I]f there is no *employer*," they contend, "there is no subject matter jurisdiction under the FLSA." (Doc. 15 at 5.) Luna-Reyes argues that he has sufficiently alleged and demonstrated subject-matter jurisdiction at this stage. However, the parties misperceive the issue.

The Fourth Circuit provides two avenues for a defendant to challenge subject-matter jurisdiction under Rule 12(b)(1):

> First, it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. In that event, all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration. Second, it may be contended that the jurisdictional allegations of the complaint were not true. A trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations.

Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) (footnote omitted). Here, RFI Defendants pursue the latter and argue that Luna-Reyes' factual allegations are false. (See Doc. 22 at 4.)

As a general rule, when subject-matter jurisdiction is challenged, the party asserting jurisdiction, Luna-Reyes, bears the burden of establishing it. Adams, 697 F.2d at 1219. "[W]here the jurisdictional facts are intertwined with the facts central to the merits of the dispute," the factual dispute should be resolved in a proceeding on the merits. Id. And "unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous," resolution of factual disputes should occur "only after appropriate discovery." Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009) (citing Bell v. Hood, 327 U.S. 678, 682 (1946)). It is on this point that the parties have focused their arguments. RFI Defendants argue

6

that determining whether they are "employers" under the FLSA does not overlap with the merits of Luna-Reyes' claims. (Doc. 15 at 4-9.) Conversely, Luna-Reyes argues that "whether a defendant is an 'employer' also relates to the threshold substantive question" of his claims. (Doc. 20 at 9.) Unfortunately, both parties' arguments rely on older cases which rest on a now-faulty assumption: that determining whether a defendant is an "employer" under the FLSA is a jurisdictional fact. It is not.

In Arbaugh v. Y & H Corp., 546 U.S. 500 (2006), the Supreme Court created a bright-line rule that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." Id. at 516. That is, unless "the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional," that limitation "is an element of a plaintiff's claim for relief, not a jurisdictional issue." Id. at 515-16 (footnote omitted). Applying this rule, the Court held that Title VII's requirement that a defendant have at least fifteen employees to qualify as an "employer" was not "jurisdictional" but rather "an element of a plaintiff's claim for relief." Id. at 516.

The Arbaugh rule extends beyond Title VII's fifteen-employee requirement and even Title VII itself. See, e.g.,

7

Union Pac. R.R. Co. v. Bhd. of Locomotive Engineers, 558 U.S. 67, 81–86 (2009) (holding that a procedural rule under the Railway Labor Act requiring proof of a pre-arbitration settlement conference is not jurisdictional under Arbaugh); Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 155 (4th Cir. 2012) ("[T]he issue of whether the Chapter is an 'employer' under the ADA is non-jurisdictional in nature."); Murphy-Taylor v. Hofmann, 968 F. Supp. 2d 693, 724 (D. Md. 2013) ("Recent appellate decisions have clarified that a defendant's qualification as the 'employer' of a Title VII plaintiff constitutes a substantive 'element of [the] plaintiff's claim for relief, not a jurisdictional issue.'") (quoting Arbaugh, 546 U.S. at 516).

Although the Fourth Circuit has not considered Arbaugh's application in the FLSA context, other circuits have done so and concluded that the rule applies. See Chao v. Hotel Oasis, Inc., 493 F.3d 26, 33 (1st Cir. 2007) (holding that the "annual dollar value" limitation in the FLSA is not jurisdictional because "[t]he FLSA places the [annual dollar value] limitation in the definitions section of the Act, and does not suggest that the . . . limitation is jurisdictional"); Fernandez v. Centerplate/NBSE, 441 F.3d 1006, 1009 (D.C. Cir. 2006) (concluding that whether an employee was paid for hours in excess of forty per week was not a jurisdictional issue under

8

the FLSA). District courts have reached the same conclusion. See, e.g., Gilbert v. Freshbikes, LLC, No. CIV.A. DKC 14-0609, 2014 WL 3405035, at *4 (D. Md. July 9, 2014) ("The question of a defendant's status as 'employer' for purposes of FLSA liability . . . does not implicate subject matter jurisdiction.");[3] Rodriguez v. Diego's Rest., Inc., 619 F. Supp. 2d 1345, 1350 (S.D. Fla. 2009) (concluding that, under the FLSA, "the requirement that a plaintiff establish individual or enterprise coverage is not jurisdictional").

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The fact that this definition is found in the definitions section of the Act suggests that the term is not jurisdictional. See Chao, 493 F.3d at 33. The FLSA also provides no indication that Congress intended the term to operate as a jurisdictional bar. See Fernandez, 441 F.3d at 1009 ("While the merits of Fernandez's FLSA claim turn on whether she was paid for hours worked in excess of forty per week, nothing in the FLSA suggests that a failure to prove this particular element of her cause of action requires a dismissal for lack of jurisdiction."). Rather,

---

[3] Much like RFI Defendants, the Gilbert defendants asserted that "they were not Plaintiff's employer under . . . the FLSA." Gilbert, 2014 WL 3405035, at *3.

9

"whether a defendant is an employer as defined by the FLSA is an element of the plaintiff's meritorious FLSA claim" and, as a result, "does not implicate subject matter jurisdiction." Gilbert, 2014 WL 3405035, at *4.

Therefore, whether RFI Defendants are "employers" under the FLSA is not a matter affecting the court's subject-matter jurisdiction,[4] and RFI Defendants' Rule 12(b)(1) motion will be denied.[5]

### 2. Dismissal for Failure to State a Claim

RFI Defendants alternatively move to dismiss the complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). They argue that the complaint fails to allege sufficient facts to make the existence of an employment relationship with them plausible. (Doc. 15 at 12.) Luna-Reyes

---

[4] While the parties do not discuss "enterprise coverage" – a basis for liability under the FLSA – the existence of an "enterprise" is, for similar reasons, not a jurisdictional fact. See Rodriguez, 619 F. Supp. 2d at 1350 (concluding that, under the FLSA, "the requirement that a plaintiff establish individual or enterprise coverage is not jurisdictional").

[5] RFI Defendants have not provided any persuasive reason why Luna-Reyes' claim under the NCWHA should be treated differently in this regard. See Laborers' Int'l Union v. Case Farms, Inc., 488 S.E.2d 632, 634 (N.C. App. Ct. 1997) ("The North Carolina Wage and Hour Act is modeled after the Fair Labor Standards Act (FLSA)."); Jones v. Am. Airlines, Inc., No. 5:08-CV-236-BR, 2008 WL 9411160, at *3 (E.D.N.C. Oct. 16, 2008) (dismissing a plaintiff's claim under the NCWHA "for the reasons given with regard to plaintiffs' FLSA claim," namely that the plaintiff failed to sufficiently allege an employer-employee relationship). Thus, it also will not be dismissed for lack of subject-matter jurisdiction.

maintains that he has alleged sufficient facts to state a claim under both the FLSA and NCWHA. (Doc. 20 at 10–14.)

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. Under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A Rule 12(b)(6) motion "challenges the legal sufficiency of a complaint considered with the assumption that the facts alleged are true." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (internal citations omitted). However, pleadings that "are no more than conclusions[ ] are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. And mere "'labels and conclusions' or 'formulaic recitation of elements of a causation of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

While the parties have submitted evidence outside the pleadings in connection with RFI Defendants' motion to dismiss

11

based on subject-matter jurisdiction (see Doc. 15-1; Doc. 20-1; Doc. 20-2; Doc. 20-3), none of it should be considered when evaluating Luna-Reyes' claims under Rule 12(b)(6) unless the court elects to treat the motion as one for summary judgment. See Fed. R. Civ. P. 12(d); Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). An exception to this rule exists where the matters outside the pleadings "were integral to and explicitly relied on in the complaint." Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999). Because none of the evidence is integral to or explicitly relied on in the complaint, however, the court will not consider it. Cf. Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (considering document outside of the pleadings that plaintiff "explicitly referred to" in its complaint).

The FLSA provides minimum and overtime pay scales for individuals who qualify as employees. 29 U.S.C. §§ 206(a)(1), 207(a)(1); see also N.C. Gen. Stat. §§ 95-25.3(a), 95-25.4(a). It also imposes financial liability on employers who violate those provisions. 29 U.S.C. §§ 216(b); see also N.C. Gen. Stat. § 95-25.22. However, it "provides little guidance as to what constitutes an employer-employee relationship." Benshoff v. City of Va. Beach, 180 F.3d 136, 140 (4th Cir. 1999). As noted earlier, an "employer" is "any person acting directly or

indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); see also N.C. Gen. Stat. § 95-25.2(5) (defining "employer" similarly). An "employee" is defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1); see also N.C. Gen. Stat. § 95-25.2(4) (defining "employee" similarly). To "employ" means "to suffer or permit to work." 29 U.S.C. § 203(g); see also N.C. Gen. Stat. § 95-25.2(3) (defining "employ" similarly). Because the FLSA is both "remedial and humanitarian in purpose," it "should be broadly interpreted and applied to effectuate its goals." Benshoff, 180 F.3d at 140 (quoting Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 597 (1944)) (internal quotation marks omitted). Yet, its scope is not limitless. Benshoff, 180 F.3d at 140.

Luna-Reyes offers three bases for liability for the RFI Defendants under the FLSA, each separate from the other. See Chao v. A-One Med. Servs., Inc., 346 F.3d 908, 917 (9th Cir. 2003).

First, he alleges that they were simply his "employers" under 29 U.S.C. § 203(d). (Doc. 13 ¶ 17.) As to this basis, the FLSA covers an individual employee of an employer "engaged in commerce" or engaged in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1); see also Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir.

13

2006).  Second, he contends they were "joint employers" with Warrick.  (Doc. 20 at 2 ("Defendants RFI and Burrows should be held liable as employers or joint employers.").)  Under this basis, "a single individual stands in the relation of an employee to two or more persons at the same time."  29 C.F.R. § 500.20(h)(5).

In examining whether someone is an employer under the FLSA, courts look to the economic realities of the relationship between the employee and putative employer.  Quinteros v. Sparkle Cleaning, Inc., 532 F. Supp. 2d 762, 768 (D. Md. 2008) (citing Schultz v. Capital Int'l Sec., Inc., 466 F.3d 298, 304 (4th Cir. 2006)) ("Determining whether an entity is an employer . . . for purposes of the FLSA turns on the 'economic reality' of the relationship between the employee and putative employer."); Schultz, 466 F.3d at 304 (concluding that the "joint employment inquiry" requires consideration of the economic "relationship" between the alleged employer and employee).  In making the individual coverage assessment, the court should consider "the totality of the work situation." Harker v. State Use Indus., 990 F.2d 131, 135 (4th Cir. 1993) (describing the "economic reality" test); see also Schultz, 466 F.3d at 304-05 (enumerating six, non-dispositive factors for determining whether a worker is an employee or independent contractor).  And, in the context of joint employment coverage,

determining whether separate persons or entities share control over a worker requires examination of "the circumstances of the whole activity." Schultz, 466 F.3d at 306 (quoting Bonnette v. Calif. Health & Welfare Agency, 704 F.2d 1465, 1470 (9th Cir. 1983)); Ricketts v. Vann, 32 F.3d 71, 74 (4th Cir. 1994) (outlining nine useful factors); Quinteros, 532 F. Supp. 2d at 774.

Third, Lunas-Reyes appears to rely on a theory of enterprise coverage under the FLSA, 29 U.S.C. § 203(r). (Doc. 13 ¶ 18.) Under this basis of coverage, an enterprise "means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose . . . ." 29 U.S.C. § 203(r)(1). The FLSA requires a "three-part showing" for an entity or entities to fall within the definition of enterprise: (1) the entity or entities must perform "related" activities; (2) those activities must be part of a "unified operation" or through "common control"; and (3) the entity or entities must engage in such activities "for a common business purpose." Dole v. Odd Fellows Home Endowment Bd., 912 F.2d 689, 692 (4th Cir. 1990).

Relevant to those three bases of coverage, the complaint repeatedly makes factual allegations generally directed at "Defendants," without any distinction between them. Among other allegations, the complaint claims that "Defendants" did the

15

following: hired Luna-Reyes (Doc. 13 ¶¶ 29); controlled and supervised all of Luna-Reyes' work (Id. ¶¶ 23, 28); supplied him with all of his specialized equipment (Id. ¶ 27); and set his pay and maintained his payroll records (Id. ¶¶ 24, 33). The complaint, however, is unclear both as to which Defendant each of those allegations refers and which basis of FLSA coverage should apply to each allegation. For example, Luna-Reyes' complaint states that "Defendants controlled all aspects of [Luna-Reyes'] work." (Doc. 13 ¶ 23.) However, later in the complaint, Luna-Reyes specifically alleges that Warrick "controlled [Luna-Reyes'] work activities and compensation as set forth in the preceding paragraphs." (Id. ¶ 35) These and other allegations are equally consistent with the conclusion that only one of the "Defendants" – namely, Warrick who, acting as RFI Defendants' subcontractor, allegedly contacted Luna-Reyes and hired him - took the actions alleged in the complaint.

In short, the complaint is vague as to which party the phrase "Defendants" refers. Such a conclusory and shotgun approach to pleading fails to provide each Defendant the factual basis for the claim(s) *against him or it* and therefore deprives them and the court of the opportunity of determining whether there are sufficient facts to make a claim against each Defendant plausible under the various bases of FLSA coverage argued by Luna-Reyes. Consequently, the complaint is vulnerable

to dismissal. See Snipes v. Alamance Cnty. Clerk of Courts, 1:11CV1137, 2013 WL 4833021, at *4 (M.D.N.C. Sept. 10, 2013) ("The failure to specify which Defendant allegedly took what action(s) renders these claims deficient."); Bryant v. Wells Fargo Bank, Nat'l Ass'n, 861 F.Supp.2d 646, 660 (E.D.N.C. 2012) (concluding that a complaint's general reference to "Defendants" violated the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2)); Bentley v. Bank of Am., N.A., 773 F.Supp.2d 1367, 1373-75 (S.D. Fla. 2011) (dismissing a plaintiff's claims for "improperly lump[ing] Defendants together").

Dismissal is a drastic step, however. Pursuant to Federal Rule of Civil Procedure 12(e), the court is authorized to convert a Rule 12(b)(6) motion to dismiss into a motion for a more definite statement under Rule 12(e). See Hall v. Tyco Int'l Ltd., 223 F.R.D. 219, 257 (M.D.N.C. 2004) (holding that a district court has the power to sua sponte order a more definite statement); Adiscov, LLC v. Autonomy Corp., 762 F. Supp. 2d 826, 832 n.5 (E.D. Va. 2011) (same); Lundy v. Catholic Health Sys., 711 F.3d 106, 111 (2d Cir. 2013) (noting that district court exercised its power to issue sua sponte order for a more definite statement); Fikes v. City of Daphne, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996) (same). The purpose of Rule 12(e) is to clarify a pleading "which is so vague or ambiguous that [a]

17

party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e); see also Am. Nurses' Ass'n v. Illinois, 783 F.2d 716, 725 (7th Cir. 1986) ("[W]hen a defendant is unclear about the meaning of a particular allegation in the complaint, the proper course is not to move to dismiss but to move for a more definite statement."); Armstrong v. Snyder, 103 F.R.D. 96, 100 (E.D. Wis. 1984) (citing EEOC v. Gen. Elec. Co., 370 F. Supp. 1258, 1259 (W.D. Va. 1973)). Therefore, instead of dismissing the complaint, the court will direct Plaintiff to timely submit a more definite statement that specifies which facts relate to which particular Defendant such that each Defendant is put on notice of the facts against it sufficiently to make an assessment of whether a legal claim is stated against that Defendant. Luna-Reyes is cautioned that failure to comply with this order will subject the complaint to potential dismissal without prejudice.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that (1) Luna-Reyes' motion to file a surreply brief (Doc. 24) is DENIED, (2) RFI Defendants' motion to dismiss pursuant to Rule 12(b)(1) (Doc. 14) is DENIED, (3) RFI Defendants' motion to dismiss pursuant to Rule 12(b)(6) (Doc. 14) is treated as one for a more definite statement under Rule 12(e) and GRANTED, and (4) that Plaintiff Lunas-Reyes shall

18

submit a more definite statement, specifying which claims are brought against which particular Defendant and under which basis of coverage, within thirty days of this Order. Plaintiff's failure to timely file a more definite statement will render the complaint subject to dismissal without prejudice without further notice.

                                           /s/   Thomas D. Schroeder
                                          United States District Judge

November 3, 2014